

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-90,981-01 AND WR-90,981-02

## EX PARTE MICHAEL WAYNE ETHEREDGE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 16-30043-86-F AND 16-30044-86-F IN THE 86TH DISTRICT COURT
### FROM KAUFMAN COUNTY

*Per curiam*.

**O R D E R**

Applicant was convicted of aggravated assault of a public servant and sentenced to thirty years' imprisonment in the -02 case. He subsequently pleaded guilty in exchange for a concurrent twenty-year sentence in the -01 case. A condition of his plea agreement in the -01 case was the waiver of appeal in the -02 case, and Applicant therefore did not appeal either conviction. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective in the -02 case because counsel failed to adequately investigate, failed to argue that the physical evidence at the scene did not support the prosecution's theory, failed to present evidence that Applicant's medical condition at the time of the

offenses would not have allowed him to brandish firearms in both hands as the complainants testified, and failed to interview or call available witnesses at trial. In the -01 case, Applicant alleges that he would not have pleaded guilty to that charge had trial counsel effectively represented him in the -02 case, but would have insisted on going to trial in that case as well.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state whether she believed that the physical evidence supported the prosecution's theory, whether she was aware of Applicant's medical condition at the time of the offenses, and if so whether she had access to evidence indicating that Applicant could not use his right arm at the time of the offenses. Trial counsel shall also state whether she interviewed the owners of Applicant's residence and the people occupying the residence across the street regarding any damage to those residences, and if so, whether she believed that their testimony would be helpful to the defense. Trial counsel shall state what advice she gave to Applicant with regard to his options for disposing of the -01 case following his conviction in the -02 case. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make findings of fact

and conclusions of law as to whether Applicant's plea in the -01 case was knowingly and voluntarily entered. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: March 11, 2020
Do not publish